**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Keith KINDRED, Defendant–Appellant.**

No. 90–10270.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 1991.

Decided April 30, 1991.

**610**

John J. Graves, Jr., Graves, Leavitt, Cawley & Koch, Las Vegas, Nev., for defendant-appellant.

David S. Moynihan, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Before PREGERSON, NOONAN and THOMPSON, Circuit Judges.

PREGERSON, Circuit Judge:

Defendant Keith Kindred was set up by an informer and arrested by undercover federal agents. He was charged with possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d), and convicted after a jury trial. We reverse.

## I.

Kindred was charged under a statute that regulates the possession and exchange of particularly dangerous weapons, including bombs, hand grenades, rockets, machine guns, and short-barreled rifles and shotguns. The statute defines these devices as firearms. 26 U.S.C. § 5845. It is illegal to possess any of these firearms unless they are registered with the federal government. 26 U.S.C. § 5861(d). Violators can be imprisoned for ten years. 26 U.S.C. § 5871.

In Kindred's case, the firearm was an inoperable World War I vintage German machine gun. It could not rapid-fire as a machine gun or even fire a single shot. It had no ammunition, no bolt or firing pin, because the entire breech block was missing, and it had no spring assembly. Because the belt to feed ammunition was missing, the gun could not have been fired as a machine gun even if it were otherwise operable to fire single shots. These belts are not commonly available. An expert for the government testified that although the gun could not fire, it was possible to restore the gun to firing condition. The parts could be found even though they are not commonly available. Also, a very skilled mechanic could manufacture the parts if he could properly read and interpret diagrams and the dimensions.

Although Kindred's device was not operable, the statute defined it as a machine gun. 26 U.S.C. § 5845(b), and thus a firearm. 26 U.S.C. § 5845(a)(6).[1]

Kindred testified that he knew that the gun would not work when he tried to sell it to the undercover agent. He stated that he regarded the inoperable weapon as a museum piece. He acquired it seven years earlier as collateral for a loan. It had been

---

**1.** The statute defines a machinegun as:

[A]ny weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machine gun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

26 U.S.C. § 5845(b).

sitting in his warehouse, where fifty to a hundred people had seen it over the seven-year period. Kindred professed to know little about guns and claimed that he regarded the inoperable weapon as a momento, a shell without functional innards. He said he needed money and accepted the opportunity, offered by the informant who introduced the federal agent, to sell the piece.

On appeal, Kindred does not dispute that the inoperable weapon fit the statute's definition of a machine gun. He argues that the court improperly instructed the jury on the criminal intent necessary for a conviction. He also argues that the court improperly permitted the prosecution to introduce an eleven-year-old misdemeanor conviction.

■ An erroneous instruction is grounds for reversal only if there is a reasonable possibility that the error materially affected the jury's verdict. *United States v. Herbert,* 698 F.2d 981, 986 (9th Cir.), *cert. denied,* 464 U.S. 821, 104 S.Ct. 87, 78 L.Ed.2d 95 (1983). The trial court's decision to admit evidence of prior convictions under Rule 404(b) is reviewed for abuse of discretion. *United States v. Spillone,* 879 F.2d 514, 518 (9th Cir.1989), *cert. denied,* —— U.S. ——, 111 S.Ct. 210, 112 L.Ed.2d 170 (1990).

### II.

■ The government was required to establish (1) that Kindred possessed a certain object; (2) that the object was a firearm, or, in this case, a machine gun; and (3) that the machine gun was not registered. *United States v. Freed,* 401 U.S. 601, 612, 91 S.Ct. 1112, 1119–20, 28 L.Ed.2d 356 (1971) (Brennan, J., concurring). The issue in this case is how the jury should be instructed about the degree of the defendant's knowledge of the second element.[2]

Kindred maintains that the government should have been required to prove that he knew that what he possessed was a *firearm* within the meaning of the statute. He objects, therefore, to the jury instruction that permitted the government to satisfy its burden of proof by showing that Kindred knew he possessed a *gun.*

The court's instruction, to which Kindred objected, is quoted here with the disputed portions emphasized:

> The provisions of the statute under which defendant has been charged does [sic] not require that the government prove that the defendant had the specific intent to violate the law or that he knew that he was violating the law. The government need only show that defendant knowingly possessed the firearm.
>
> The mere possession, transfer or making of a firearm which is required to be registered and has not been is a violation of the laws of the United States. It is necessary for the government to prove the weapon was a gun. *It is not necessary for the government to prove that the defendant knew that the weapon was a firearm within the meaning of the statute* or that he knew that registration was required. *It is sufficient if you find beyond reasonable doubt that he* knowingly possessed, transferred and/or made it and *knew that it was a gun.*

Although the instruction required the government to prove that Kindred knew that what he possessed was a "gun," the court did not define the term.

In *United States v. Freed,* 401 U.S. 601, 607–10, 91 S.Ct. 1112, 1117–19, 28 L.Ed.2d 356 (1971), a case involving a prosecution for possession of unregistered hand grenades, the Court determined that the prosecution did not have to prove that the defendant knew that the hand grenades were unregistered, nor did it have to prove that the defendant knew of the registration requirement. Nevertheless, the statute does require the prosecution to prove some knowledge on the defendant's part. The Court explained that the prosecution must prove that the defendant knew that the

---

**2.** Kindred acknowledges that the government did not have to prove that he knew that he was violating the law. He also acknowledges that the government did not have to prove that he knew that the specific object he possessed was subject to the registration requirement.

device was a firearm. *Id.* at 607, 91 S.Ct. at 1117.

■ Although the government must prove that the defendant knew the device was a firearm, we reject Kindred's argument that the government must prove that the defendant knew that the device met the very specific definition of firearm contained in the statute. In *Freed,* the court noted that Congress may have acted on the theory that someone who knowingly possessed "highly dangerous offensive weapons" like hand grenades should not be surprised to learn that they are subject to government regulation. *Id.* at 609, 91 S.Ct. at 1118. As we have said before, the key element of knowledge that the government must prove is that the defendant knew that he possessed "a dangerous device of such type as would alert one to the likelihood of regulation." *United States v. Thomas,* 531 F.2d 419, 421 (9th Cir.) (quoting *United States v. DeBartolo,* 482 F.2d 312, 316 (1st Cir.1973)), *cert. denied,* 425 U.S. 996, 96 S.Ct. 2210, 48 L.Ed.2d 821 (1976).

The district court failed to instruct the jury properly about the knowledge the government must prove. It is not enough to instruct that the government must prove that the defendant knew the object was a gun, even if the term "gun" is defined, which it was not in this case. In *United States v. Herbert,* 698 F.2d 981, 986–87 (9th Cir.), *cert. denied,* 464 U.S. 821, 104 S.Ct. 87, 78 L.Ed.2d 95 (1983), the weapon appeared on the exterior to be an ordinary gun that was not subject to the registration requirements of federal law. It had been modified internally to function as an automatic weapon and therefore qualified under the statute as a firearm subject to registration. Although the weapon was subject to the registration requirement, we held that the defendant could not be convicted without some proof that he was aware of the internal modifications. The weapon's external appearance was not sufficient, by itself, to put the defendant on notice that he possessed a dangerous device that was likely to be regulated. *Id.* at 986–87. Our holding in *Herbert* shows that it is not enough to prove that the

defendant knew that the object was a gun. We held that the government must prove that the defendant knew that he possessed "a dangerous device of such type as would alert one to the likelihood of regulation." *Id.* at 986 (quoting *DeBartolo,* 482 F.2d at 316).

We hold that the district court erred by instructing that the government need only prove that the defendant knew that the object was a gun. To secure a conviction under the act, the government must prove that the defendant knew that he possessed a dangerous device of a type that would alert one to the likelihood of regulation.

■ The error in instruction was not harmless. Kindred was entitled to the jury's decision on whether he knew that the device was of such a dangerous type that it was likely to be subject to regulation. Kindred testified that he knew the device did not function and could not function. In view of that testimony and the object's age, the missing parts, and the absence and unavailability of ammunition and replacement parts, a properly-instructed jury may not have been convinced beyond a reasonable doubt that Kindred knew that the device was of such a dangerous type as to be subject to regulation even in its current nondangerous condition. Consequently, the conviction is reversed.

### III.

■ Kindred also argues that the district court erred by permitting the prosecution to introduce, in its case-in-chief, an eleven-year-old misdemeanor conviction for failing to register a handgun with the local chief of police. The district court allowed the evidence under Rule 404(b). It was not considered impeachment evidence under Rule 609. We review the district court's decision to admit evidence of prior crimes for abuse of discretion.

■ This court applies a four-part test for evaluating whether evidence is admissible under Rule 404(b). *United States v. Spillone,* 879 F.2d 514, 518 (9th Cir.1989), *cert. denied,* — U.S. —, 111 S.Ct. 210, 112 L.Ed.2d 170 (1990). First, we consider

whether there is sufficient evidence to conclude that the prior crime occurred. Clearly, evidence of a conviction is sufficient. Second, we consider whether the evidence is too remote in time. Evaluation of that factor depends on the purpose for which the evidence is admitted. The government contends the conviction is offered to show that the defendant knew that guns must be registered. An eleven-year-old conviction is not too remote in time to prove such a proposition. The third factor is whether the offenses are similar. Kindred argues that there is a great difference between a functional handgun and a nearly-antique nonfunctional machine gun. The government disagrees. The degree of similarity required depends on analyzing the proposition the evidence is offered to prove. That inquiry leads to the fourth factor: The prior act must be offered to prove a material element of the offense. The government argues that the conviction was offered to prove Kindred's general knowledge that firearms must be registered. Kindred counters that the government has argued all along that such knowledge is *not* a material element of the charge. After considering these factors, the court must still balance the probative value of the evidence against its prejudicial impact. Because the prior conviction was offered to prove something that was not a material element of the offense, it is difficult to assess how the conviction could be considered probative at all. It would, of course, be prejudicial. Considering these factors, we conclude that the district court abused its discretion by admitting evidence of the prior misdemeanor conviction.

## IV.

Kindred's conviction is reversed, and this case is remanded to the district court.

REVERSED AND REMANDED.