945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael MAXAKULI, Defendant-Appellant.
 No. 90-10634.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1991.*
Decided Sept. 25, 1991.
 
 Before PREGERSON, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Maxakuli appeals his convictions following a jury trial for aiding and abetting and distribution of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Maxakuli contends that the district court erred by admitting evidence regarding his possession of cocaine at the time of his arrest. He claims that the evidence was not probative of a material point, that the arrest was too remote in time to the charged offenses, and that the district court did not balance the probative value against the prejudicial effect of the evidence. Maxakuli also contends that the district court erred by denying his motion for acquittal. We have jurisdiction under 28 U.S.C. § 1291 and affirm the convictions.
 
 
 3
 Admissibility of Subsequent Bad Act Evidence
 
 
 4
 "The district court's decision to admit evidence of other bad acts is reviewed for an abuse of discretion." United States v. Ayers, 924 F.2d 1468, 1472 (9th Cir.1991). Bad acts occurring subsequent to the charged illegal activity may be admissible under Fed.R.Evid. 404(b).[1] United States v. Bibo-Rodriguez, 922 F.2d 1398, 1400 (9th Cir.), cert. denied, 111 S.Ct. 2861 (1991). Evidence of a subsequent bad act is admissible under Rule 404(b) where (1) the act tends to prove a material point; (2) the act is not too remote in time; (3) there is sufficient evidence to support a finding that the defendant committed the act; and (4) in some cases, the act is similar to the offense charged.[2] Id. Nevertheless, "the evidence may still be excluded if under a ... [Rule 403] analysis its probative value is substantially outweighed by the danger of unfair prejudice." Id. at 1401. The district court is not required to state explicitly its finding, so long as "it appear[s] from the record that the trial judge performed the balancing required by Rule 403." United States v. Johnson, 820 F.2d 1065, 1069 (9th Cir.1987).
 
 
 5
 Here, Maxakuli attempted to convince the jury that he did not sell cocaine to a cooperating witness by stressing that the government's case rested predominantly on that witness' testimony. Nevertheless, arresting officers discovered six separately wrapped bundles containing approximately one gram of cocaine each in Maxakuli's shirt pockets. Maxakuli was arrested in his apartment where he sold one ounce of cocaine to the cooperating witness. Maxakuli's possession of the packaged cocaine in his apartment rebuts his defense and tends to prove that he actually had access to and distributed the substance, material issues in the case.[3] See Ayers, 924 F.2d at 1473. Furthermore, the arrest took place approximately four months after the last charged offense, and was not too remote in time. See id. at 1474 (two year interval between end of conspiracy and subsequent bad act not too remote); Bibo-Rodriguez, 922 F.2d at 1401 (nine week interval not too remote).
 
 
 6
 Prior to the commencement of the trial, the district court heard arguments from Maxakuli and the government regarding the admissibility of the subsequent bad act evidence. Maxakuli argued that the evidence was unfairly prejudicial. Since Maxakuli argued the issue of prejudice before the district court, we find that the district court implicitly balanced the probative value of the evidence against the prejudicial effect when it ultimately denied his request. See Johnson, 820 F.2d at 1069.[4] Furthermore, any unfair prejudice that may have resulted from admitting the evidence was reduced by the district court's limiting instruction to the jury. See Ayers, 924 F.2d at 1474. The district court did not abuse its discretion. See id.
 
 Motion for Acquittal
 
 7
 The district court shall order the entry of judgment of acquittal "if the evidence is insufficient to sustain a conviction." Fed.R.Crim.P. 29(a). "We will uphold a conviction if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of each element of the crime charged." United States v. Sanchez-Mata, 925 F.2d 1166, 1166 (9th Cir.1991); see United States v. Smith, 832 F.2d 1167, 1170 (9th Cir.1987).
 
 
 8
 Here, Lucio Bettiol testified that he was a cooperating witness for the FBI and that he was working with an undercover FBI agent, Rick Baken. Bettiol stated that he and Baken arranged two one-ounce cocaine transactions with Maxakuli. According to Bettiol, Maxakuli sold him cocaine for $850 per ounce. Baken also gave testimony supporting Bettiol's statements.
 
 
 9
 Viewing the evidence in a light most favorable to the government, a rational jury could have found beyond a reasonable doubt that Maxakuli aided and abetted the distribution of cocaine and distributed cocaine. See Smith, 832 F.2d at 1172.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 404(b) provides, in part:
 Evidence of other crimes, ... is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of ... plan....
 
 
 [2]
 The fourth element is required when the offering party's justification for introducing the evidence is to prove intent. Ayers, 924 F.2d at 1473
 
 
 [3]
 Maxakuli argues that his possession of approximately six grams of cocaine has no connection to the charges that he sold one ounce of cocaine on two occasions. Nevertheless, the evidence was introduced to prove Maxakuli's plan to sell cocaine in any amount
 
 
 [4]
 Maxakuli argues that United States v. Kindred, 931 F.2d 609 (9th Cir.1991) instructs the district court to explicitly state its Rule 403 finding. This contention lacks merit. In Kindred, we reversed the district court's decision to admit evidence of a prior misdemeanor conviction because we concluded that the evidence "could not be considered probative at all." Id. at 613. We never addressed the sufficiency of the district court's finding regarding the prejudicial effect of the evidence. See id