956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert A. FISHER, Trustee, Defendant-Appellant.
 No. 91-30054.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 7, 1992.*
Decided March 13, 1992.
 
 Before EUGENE A. WRIGHT, WILLIAM A. NORRIS and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fisher contends that his indictment should have been dismissed because the government failed to comply with Fed.R.Crim.P. 40(a). The government responds that Rule 40(a) does not apply to prisoners who are transferred subject to writs of habeas corpus ad prosequendum. We need not decide the question because even if we assume that the government violated Rule 40(a), Fisher is not entitled to have his indictment dismissed.
 
 
 3
 The power of a court to try a defendant is not impaired by the fact that he was improperly brought within the court jurisdiction from another state. Frisbie v. Collins, 342 U.S. 519, 522 (1952). A defendant who asserts that he was improperly brought before the court is entitled to have his indictment dismissed only in situations involving government conduct " 'of a most shocking and outrageous character.' " United States v. Fielding, 645 F.2d 719, 723 (9th Cir.1981) (quoting Lujan v. Gengler, 510 F.2d 62, 65 (2d Cir.1975)). Fisher asserts that he was denied access to an attorney and was not informed of the federal charges against him from July 10 to July 27, 1990. Although we do not condone the government's conduct in this case, it does not rise to the level of outrageousness required for dismissal of the indictment. We hold, therefore, that the district court did not abuse its discretion in denying Fisher's motion.
 
 
 4
 Fisher also challenges the sufficiency of the evidence with respect to counts two and three. Evidence is sufficient to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Adler, 879 F.2d 491, 495 (9th Cir.1988).
 
 
 5
 Fisher asserts that the government failed to prove that he knew that the gun he pawned was subject to registration under the National Firearms Act. However, the government need not prove that Fisher knew the gun met the specific definition of firearm contained in the statute. United States v. Kindred, 931 F.2d 609, 612 (9th Cir.1991). "[T]he key element of knowledge that the government must prove is that the defendant knew that he possessed 'a dangerous device of such type as would alert one to the likelihood of regulation.' " Id. (citation omitted).
 
 
 6
 We have previously assumed that sawed-off weapons are of a type that would alert the defendant to the likelihood of regulation. In United States v. Thomas, 531 F.2d 419, 420 (9th Cir.), cert. denied, 425 U.S. 996 (1976), for example, we affirmed the conviction of a defendant who had pawned a rifle that was sawed-off to an overall length of 16 1/2". See also United States v. DeBartolo, 482 F.2d 312 (1st Cir.1973) (18" shotgun). In this case, the gun was a .22 caliber rifle that had been "cut down" to a barrel length of 6 7/8"' and an overall length of 15 1/2". The gun itself was introduced into evidence. We hold that this evidence was sufficient to enable a reasonable trier of fact to conclude that Fisher knew his gun was subject to registration.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3