979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Yancy HAWKINS, Defendant-Appellant.
 No. 91-50087.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 19, 1992.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Yancy Hawkins appeals his jury conviction and his sentence under the Federal Sentencing Guidelines for inducing unlawful entry into the United States in violation of 8 U.S.C. § 1324 and for aiding and abetting the use of false immigration documents in violation of 18 U.S.C. § 1546.
 
 
 3
 * Mr. Hawkins argues that the government engaged in gross misconduct requiring the dismissal of the indictment because his advisory counsel, Mr. Steingard, shared an office with an attorney representing a government witness in the case. Mr. Hawkins contends that this is proof that Mr. Steingard acted as a government agent and secretly passed defense secrets and strategies to the prosecution.
 
 
 4
 Mr. Hawkins' claim is meritless. We are satisfied that Hawkins' representation was not compromised by the alleged conflict of interest involving Mr. Steingard. The district court held a hearing after which it found that Mr. Steingard and the attorney representing the government witness had little contact with one another, only discovered that they were working on opposite sides of the same case a short time before trial, and never discussed the case in any substantive way. Moreover, the district court relieved Mr. Steingard prior to trial and appointed another attorney to serve as stand-by counsel.
 
 II
 
 5
 Mr. Hawkins contends that the district court erred in admitting evidence of his prior conviction for immigration fraud under Federal Rule of Evidence 404(b). We disagree. The four requirements necessary to admit evidence under rule 404(b) are satisfied in this case. See United States v. Spillone, 879 F.2d 514, 518-19 (9th Cir.1989).
 
 
 6
 First, we accept the district court's conclusion that the government established that Hawkins committed the acts underlying the prior conviction.
 
 
 7
 Second, the prior conviction was not too remote in time. The events serving as the basis of the prior conviction occurred less than one year before the Hawkins' conduct in the instant case. This is well within the time frame this circuit has recognized for admitting evidence of prior crimes. See United States v. Kindred, 931 F.2d 609, 613 (9th Cir.1991) (eleven-year-old conviction not too remote in time); United States v. Alfonso, 759 F.2d 728, 739 (9th Cir.1985) (five year gap between prior act and present charges not too remote in time).
 
 
 8
 Third, the prior conviction was sufficiently similar to the instant case. In both cases, Mr. Hawkins employed virtually the same technique in an attempt to circumvent the immigration laws. Not only did he use fraudulent amnesty applications stating that the aliens had been in the United States since 1981, but he also provided fictional background material and instructed the aliens that they had to memorize the personal history he fabricated for them.
 
 
 9
 Fourth, the prior conviction was offered to establish Mr. Hawkins' modus operandi and his knowledge and lack of mistake in the instant case. The jury could infer that because Mr. Hawkins was previously convicted of immigration fraud under similar circumstances, he knew that his clients were illegal aliens and that the documents he supplied were fraudulent.
 
 
 10
 Finally, we reject Mr. Hawkins' argument that the probative value of evidence of his prior conviction was outweighed by its prejudicial effect. The evidence was extremely probative. It established the requisite culpable intent, and countered the argument that Mr. Hawkins was unaware of the nature of the documents he supplied or the status of the individuals to whom he supplied them. Any prejudicial effect was minimized by the district court's limiting instruction.
 
 III
 
 11
 Mr. Hawkins argues that the district court committed reversible error when it refused to allow him to introduce, for impeachment purposes, a taped telephone conversation he had with Mrs. Garcia. The district court found that this evidence did not impeach Mrs. Garcia, and therefore was not relevant.
 
 
 12
 We agree with the district court's finding. The transcript of this conversation reveals that Mrs. Garcia was simply relating to Mr. Hawkins what her husband told immigration authorities when he was detained while attempting to enter the United States. She did not make affirmative statements which contradicted her trial testimony.
 
 
 13
 On appeal, Mr. Hawkins offers the alternative argument that the taped telephone conversation should have been admitted because it helps establish a defense of good faith. Mr. Hawkins, however, failed to explain how the conversation could support a defense of good faith, and therefore we cannot accept this argument.
 
 IV
 
 14
 The district court did not err by refusing to allow Mr. Hawkins to introduce the video tape testimony of Ms. Moyers to impeach the testimony of Mr. Garcia. The district court denied Mr. Hawkins' request on the ground that it was untimely. Mr. Garcia had already been cross-examined when the request was made, and Mr. Hawkins offered no explanation for his failure to introduce the video tape earlier in the proceedings.
 
 
 15
 Nothing precluded Mr. Hawkins from introducing Ms. Moyers' testimony in timely fashion. Moreover, Mr. Hawkins failed to articulate any basis on which the video tape testimony should have been admitted. Ms. Moyers' testimony concerning statements made by Mr. Garcia is hearsay, and Mr. Hawkins offers no exception to the hearsay rule which justifies introducing the video tape into evidence.
 
 V
 
 16
 Mr. Hawkins argues that several rulings by the district court during the course of the trial denied him his Sixth Amendment right to confront and cross-examine Mr. Garcia, Mrs. Garcia, and Mr. Francisco. We do not find this claim persuasive. The record reveals that Mr. Hawkins was given ample opportunity to cross-examine these witnesses.
 
 
 17
 As discussed above, the district court's decisions to exclude the taped telephone conversation and the video tape testimony were well within its discretion. Similarly, its decision to use an interpreter to help Mr. and Mrs. Garcia answer questions on cross-examination was a sound exercise of judgment. The interpreter helped facilitate the communicative process, and there is no evidence that it served as a buffer between Mr. Hawkins and the witnesses. Finally, the district court's failure to order an expert handwriting analysis of Mr. Francisco did not effect Mr. Hawkins' Sixth Amendment rights. Mr. Hawkins never requested expert handwriting analysis and the district court did not err in preventing him from offering a lay opinion concerning Mr. Francisco's handwriting. See Guam v. Cepeda, 851 F.2d 1564, 1567-68 (9th Cir.1988).
 
 VI
 
 18
 Mr. Hawkins contends that his Sixth Amendment right to confront and cross-examine Mr. Garcia, Mrs. Garcia, and Mr. Francisco was also violated because of prosecutorial misconduct. He argues that the government's repeated objections during cross-examination were designed to keep testimony out of the record. We disagree. After reviewing the record, we conclude that the government's objections were meritorious.
 
 VII
 
 19
 Mr. Hawkins challenges the good faith defense instruction given to the jury by the district court. He argues that this instruction created a presumption that Mr. Hawkins sent false documents to Mr. Garcia. This, in turn, relieved the government of its duty of persuasion on an element of the charged offense. Consequently, Mr. Hawkins argues that his conviction must be overturned.
 
 
 20
 Mr. Hawkins failed to object to the jury instruction in question at trial. As a result, we review the instruction for plain error. United States v. Bryan, 868 F.2d 1032, 1039 (9th Cir.1989).
 
 
 21
 We hold that the challenged jury instruction was an accurate statement of the law and was not highly prejudicial to Mr. Hawkins. Moreover, there was overwhelming evidence presented at trial that Mr. Hawkins did in fact send false documents to Mr. Garcia.
 
 
 22
 Mr. Hawkins also argues that it was erroneous for the district court judge to thank the alternate jurors for their participation and relieve them of their obligation not to discuss the case with anyone. Because this was done before the jury had come back with a verdict, Mr. Hawkins contends that the district judge created an impression of predetermined guilt and failed to maintain the appearance of justice.
 
 
 23
 This argument is meritless. The record reveals that the jury had been excused when the district judge made his remarks. Thus, any impression of predetermined guilt, if such existed, had no effect on the outcome of the trial.
 
 VIII
 
 24
 Mr. Hawkins contends that the prosecution improperly commented on his failure to testify in violation of his Fifth Amendment rights. Mr. Hawkins failed to lodge this objection below. Consequently, we review his claim for plain error. United States v. Endicott, 803 F.2d 506, 513 (9th Cir.1986).
 
 
 25
 We hold that Mr. Hawkins' Fifth Amendment rights were not violated in this case. Mr. Hawkins makes no argument, nor could he, that the prosecutor commented on his failure to testify in violation of his Fifth Amendment rights as set out in Griffin v. California, 380 U.S. 609, 612-615. It is not improper for a prosecutor to refer to the defendant's failure to present exculpatory evidence. See United States v. Lopez, 803 F.2d 969, 973 (9th Cir.1986), cert. denied, 481 U.S. 1030 (1987).
 
 XI
 
 26
 Mr. Hawkins argues that under the Jencks Act he was entitled to see Mr. Hernandez' notes during cross-examination. However, Hawkins makes no showing that Mr. Hernandez' notes qualify as "statements" under the Jencks Act, and he offers no indication that the statements were in the "possession" of the government as required by the Act. 18 U.S.C. § 3500(b); See United States v. Andersson, 813 F.2d 1450, 1459 (9th Cir.1987). In addition, Mr. Hawkins fails to establish that the notes would have helped him overcome the evidence used to convict him. See United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir.1991). As a result, Mr. Hawkins was not entitled to the notes under the Jencks Act.
 
 X
 
 27
 Mr. Hawkins remaining arguments concerning the validity of his conviction are meritless. First, he contends that the evidence is insufficient to support the verdict. We are not persuaded by this claim because we believe that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992). Second, Mr. Hawkins argues that the cumulative effect of the errors committed in this case requires reversal. Because we find that the district court did not err as Mr. Hawkins alleges it did, we reject this claim as well.
 
 XI
 
 28
 Finally, Mr. Hawkins makes several arguments concerning his sentence. First, he contends that the district court erred when it determined that he was an organizer, leader, manager, or supervisor within the meaning of § 3B1.1(c) of the Federal Sentencing Guidelines. We review this finding for clear error. United States v. Smith, 924 F.2d 889, 895 (9th Cir.1991).
 
 
 29
 The evidence established that Mr. Hawkins was responsible for organizing and supervising the criminal venture which was the subject of this case. Mr. Hawkins hired Moyers as a courier and sent an employee to try to free Pablo Garcia after he was arrested. Consequently, the district court's finding that Mr. Hawkins was an organizer, leader, manager, or supervisor within the meaning of § 3B1.1(c) was not clearly erroneous. We therefore uphold the two point increase in Hawkins' offense level imposed as a result of this determination.
 
 
 30
 Second, Mr. Hawkins challenges the district court's two level enhancement pursuant to § 3C1.1 of the Federal Sentencing Guidelines. The district court found that Mr. Hawkins attempted to obstruct justice during the investigation and prosecution of the charged offenses.
 
 
 31
 Mr. Hawkins' taping of the telephone conversation with Mrs. Garcia can be viewed both as an attempt to intimidate a witness and to produce false and misleading testimony. Both actions serve as grounds for increasing a defendant's offense level under § 3C1.1. Consequently, the district court's two point enhancement pursuant to § 3C1.1 was not clearly erroneous.
 
 
 32
 Third, Mr. Hawkins argues that the district court erred in departing upward five levels from his criminal history category. Specifically, he contends that the upward departure was unnecessary and that the district court did not follow the proper procedures in imposing a more severe sentence.
 
 
 33
 We disagree. The district court based its decision to depart upward on Mr. Hawkins' extensive criminal record and the fact that his criminal conduct remained unabated despite previously imposed sanctions. Moreover, it noted that the crimes Mr. Hawkins was being tried for in this case occurred while he was awaiting sentencing in a matter before another district judge.
 
 
 34
 Under these circumstances, an upward departure was warranted. The Sentencing Guidelines clearly state that a criminal history category which significantly under-represents the seriousness of a defendant's criminal history and the likelihood that a defendant will commit further crimes are grounds for departing upward. U.S.S.G. § 4A1.3. Similarly, the fact that a defendant was awaiting sentencing on another charge at the time of the instant offense also justifies increasing a sentence beyond the suggested duration. U.S.S.G. § 4A1.3(d).
 
 
 35
 The district court's findings supporting the existence of the aggravating factors relied on in departing upward were not clearly erroneous. The presentence report established that Mr. Hawkins had a criminal history score of 30, over two times more than the score of 13 necessary to fit within the highest criminal history category (VI). It also detailed his past recidivist tendencies and the fact that he was awaiting sentencing before another district judge when he committed the crimes he was convicted of in this case.
 
 
 36
 Finally, the district court did not abuse its discretion in imposing a 60 month sentence. The government provided a thorough and sound explanation of why this departure was appropriate in its sentencing memorandum. The district court explicitly adopted the reasoning of the sentencing memorandum at the sentencing hearing. Thus, its decision to depart upward to 60 months was reasonable.
 
 
 37
 This conclusion is unaffected by Mr. Hawkins' claim that the district court erred because it did not compare him to someone in the criminal history category under which he was sentenced, as required by § 4A1.3 of the Guidelines. Mr. Hawkins fails to appreciate that he was sentenced under a hypothetical criminal history category well beyond the uppermost level established by the Guidelines. Thus, it was Mr. Hawkins' own extraordinary criminal history that made the comparison he desires impossible. This result was not unforeseen by the Sentencing Commission, which observed that "there may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for a Category VI criminal history is not adequate to reflect the seriousness of the defendant's criminal history." U.S.S.G. § 4A1.3.
 
 
 38
 We conclude by considering Mr. Hawkins' claim that he should not have been fined $25,000 or received a $100 special assessment. Mr. Hawkins contends that the fine and special assessment were imposed in retaliation for his zealous advocacy and without consideration of his ability to pay. Because Mr. Hawkins failed to raise this claim at the sentencing hearing, we review the district court's decision for plain error. United States v. Lopez-Cavasos, 915 F.2d 474, 475 (9th Cir.1990).
 
 
 39
 We are unpersuaded by Mr. Hawkins' argument. First, there is no evidence to suggest that the district court levied the fine and special assessment in retaliation for Mr. Hawkins' zealous advocacy. Rather, the fine and special assessment are justified under § 5E1.2 and § 5E1.3 of the Sentencing Guidelines. Second, Mr. Hawkins' contention that the district court erred because it did not consider his ability to pay the fine fails because the burden is on the defendant to prove that he can not make payment. United States v. Rafferty, 911 F.2d 227, 232 (9th Cir.1990). Mr. Hawkins has not met this burden here.
 
 
 40
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3