42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reed WINSLOW, Defendant-Appellant.
 No. 93-30379.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1994.
Decided Nov. 15, 1994.
 
 Before: WRIGHT, BEEZER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A jury convicted Winslow of distribution of cocaine and possession of cocaine with intent to distribute, in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(C). The court sentenced him to 240 months imprisonment. He appeals the conviction and sentence. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part and remand in part.
 
 1. Additional Portion of Videotape
 
 3
 The inquiry is whether the government has shown beyond a reasonable doubt that the extrinsic evidence did not affect the verdict. United States v. Navarro-Garcia, 926 F.2d 818, 821 (9th Cir.1991). Because the additional portion of the videotape duplicated admitted evidence, it could not have affected the outcome. See Hughes v. Borg, 898 F.2d 695, 700 (9th Cir.1990) (no prejudice where extraneous material was merely duplicative of properly introduced evidence).
 
 2. Exclusion of the Parties
 
 4
 Winslow never waived his right to be present when the videotape was replayed during jury deliberations. This waiver must be made personally. United States v. Felix-Rodriguez, 22 F.3d 964, 967 (9th Cir.1994). We review for harmless error. See id. Because the videotape was presented to the jury with cautionary instructions by a neutral party, the erroneous exclusion was harmless. S ee id. at 967-78.
 
 3. Insufficient Evidence of Possession
 
 5
 There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Lennick, 18 F.3d 814, 819 (9th Cir.), cert. denied, 115 S.Ct. 162 (1994). A juror could reasonably find constructive possession from evidence of Winslow's access to and presence in the apartment, together with the circumstantial evidence linking the gym bag and the cocaine to Winslow. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 4. Prosecutorial Misconduct
 
 6
 We review de novo a denial of a motion for mistrial based on prosecutorial misconduct. United States v. Spillone, 879 F.2d 514, 520 (9th Cir.1989), cert. denied, 498 U.S. 878 (1990). We review for abuse of discretion the court's control of closing arguments. United States v. Schuler, 813 F.2d 978, 980 (9th Cir.1987).
 
 
 7
 The prosecutor referred to Burton's testimony in an opening statement, and called her as a witness. Because the record does not show whether the prosecutor knew that she would invoke a privilege, and the questioning was brief and relatively neutral, there was no unfair prejudice. See Skinner v. Cardwell, 564 F.2d 1381, 1390 (9th Cir.1977), cert. denied, 435 U.S. 1009 (1978).
 
 
 8
 The prosecutor stated in closing that Winslow "walks, talks and acts like a drug dealer." This was a reasonable inference based on the evidence of Winslow's cocaine dealing and so was not a "foul blow." See United States v. Necoechea, 986 F.2d 1273, 1282 (9th Cir.1993) (prosecutor's statement, "when you look at [defendant], you're looking at a dope dealer ...", not a foul blow). The prosecutor also said there was "[n]o inkling of any conflict in [Campbell's] testimony. Not because he memorized it, it's because it's true." The prosecutor did not improperly vouch for his witness because he did not place the prestige of the government behind his witness through personal assurances. See Necoechea, 986 F.2d at 1276.
 
 5. Possible Brady Violation
 
 9
 The government failed to provide a complete copy of the videotape before trial. Winslow argues that the government was obligated to provide the original copy because it contained exculpatory evidence. See Brady v. Maryland, 373 U.S. 83 (1963). He did not raise this issue until sentencing. Although we generally do not consider assignments of error raised so late in trial proceedings, we make an exception where consideration of an issue would prevent a miscarriage of justice. United States v. Reyes-Alvaredo, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992).
 
 
 10
 At oral argument, the government conceded that an evidentiary hearing on the original videotape might be appropriate. Because the record does not show all the contents of the original videotape, we decline to decide whether there was a Brady violation. Instead we remand to the district court for further factual findings. If the court finds that the government failed to release material evidence, it may grant a new trial.[1] See United States v. Browne, 829 F.2d 760, 765 (9th Cir.1987), cert. denied, 485 U.S. 991 (1988) (evidence is material if there is a reasonable probability that its disclosure would have altered the result).
 
 6. Jury Instruction
 
 11
 We review the court's inadvertent jury instruction for abuse of discretion. United States v. Woodley, 9 F.3d 774, 780 (9th Cir.1993). The instruction regarding Delashmutt's guilty plea was not prejudicial because it was only cautionary, and the later instruction to disregard cured any residual chance of prejudice. See United States v. Kindred, 931 F.2d 609, 611 (9th Cir.1991) (erroneous instruction is reversible error if there is a reasonable probability that it materially affected the verdict).
 
 7. Evidence of Prior Drug Transaction
 
 12
 We review the admission of evidence for abuse of discretion. United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993). Campbell's testimony regarding prior drug transactions with Winslow did not violate Fed.R.Evid. 404(b), and the resulting prejudice did not outweigh the probative value. The evidence was relevant to the issues of knowledge and intent. See United States v. Hegwood, 977 F.2d 492, 497 (9th Cir.1992), cert. denied, 113 S.Ct. 2348 (1993).
 
 8. Sentencing
 
 13
 We review de novo whether the court improperly classified Winslow as a career offender with an offense level of 32. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992). Winslow's position that the trial court improperly relied on his 1977 California conviction as a prior felony is contrary to the plain language of the sentencing guidelines which refers to "prior felony convictions." And because the career offender classification places him at the offense level of 32, the issue of the amount of cocaine used to calculate his sentence is moot.
 
 
 14
 AFFIRMED in part and REMANDED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3. We deny appellant Winslow's motion to furnish this panel with physical exhibits
 
 
 [1]
 In considering the effect of any Brady violation upon the trial, the district court should also consider whether that violation, together with the other errors, amounted to prejudicial cumulative error, even though no error taken alone would demand a new trial. See United States v. Wallace, 848 F.2d 1464, 1475-76 (9th Cir.1988). Courts should be particularly sensitive to the cumulative error issue where a conviction rests heavily upon the credibility of a single witness. C f. id. at 1475. Here, the issues depended largely upon a single informant's testimony about a drug transaction and about Winslow's connection to a bag in someone else's apartment. We leave the issue of cumulative error for the district court to decide after it has held the Brady hearing