NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD LEE ROGERS,

Defendant - Appellant.

No. 25-1267

D.C. No.
1:23-cr-00112-SPW-1

MEMORANDUM*

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD LEE ROGERS,

Defendant - Appellant.

No. 25-4001

D.C. No.
1:23-cr-00112-SPW-1

---

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted May 19, 2026**
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TALLMAN, OWENS, and R. NELSON, Circuit Judges.

Defendant Richard Lee Rogers appeals his jury conviction stemming from making hundreds of harassing calls to the FBI's National Threat Operations Center (NTOC) and to the Office of the Speaker of the House. The jury convicted Rogers on one count of threatening to injure a member of the United States Congress in violation of 18 U.S.C. § 115(a)(1)(B), (b)(4) (Count 1), and two counts of making harassing telephone calls in violation of 47 U.S.C. § 223(a)(1)(E) (Counts 2 and 3). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the conviction.[1]

1.      The district court did not err by admitting into evidence recordings of the calls Rogers placed to the NTOC public tip line and text messages between Rogers and FBI Special Agent Matthew Deurmeier. First, the recordings were direct evidence of Count 3, which charged Rogers with making harassing phone calls to the NTOC. Accordingly, they are not subject to Federal Rule of Evidence (Rule) 404(b), and the district court properly deemed Rogers's motion to exclude those recordings moot. *See United States v. Loftis*, 843 F.3d 1173, 1176 (9th Cir. 2016) (holding that evidence of a crime being charged is not subject to Rule 404(b)). The district court also conducted a reasonable balancing under Rule 403, comparing the

---

[1] Rogers filed a separate notice of appeal as to the district court's revocation of his probation and we consolidated his two appeals. However, he has not addressed or otherwise raised any arguments as to the revocation in his briefs. We therefore deem his challenge to the revocation of probation abandoned and appeal No. 25-4001 is **DISMISSED**. *See United States v. Vought*, 69 F.3d 1498, 1501 (9th Cir. 1995).

recordings' relevance and probative value, on the one hand, and the potential for unfair prejudice due to their cumulative nature, on the other.

Second, the district court reasonably applied the four-part test under Rule 404(b) to the text messages. *See United States v. Kindred*, 931 F.2d 609, 612–13 (9th Cir. 1991). It also reasonably concluded that the text messages were not more prejudicial than probative under Rule 403.

2. Nor did the district court err in concluding that Rogers's calls were true threats. As to Count 1, the plain language of the phone call forming the basis for the indictment and the context in which it was made were more than sufficient to send the question of the phone call's threatening nature to the jury. *See United States v. Merrill*, 746 F.2d 458, 462–63 (9th Cir. 1984), *overruled on other grounds by Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058 (9th Cir. 2002) (en banc). As to Counts 2 and 3, the indictment charged Rogers under 47 U.S.C. § 223(a)(1)(E) for his conduct, not his speech; that is, he was charged for placing the calls to the NTOC and the Speaker's office with the intent to harass. *See United States v. Waggy*, 936 F.3d 1014, 1019–20 (9th Cir. 2019). Section 223(a)(1)(E)'s intent requirement also ensures that Rogers was convicted for his conduct, not for speech protected by the First Amendment. *See id.* at 1020.

3. The Government adduced sufficient evidence to support Rogers's

conviction. For Count 1, a staff aide testified at trial that Rogers said, "I'm gonna put this clearly for you. I'm gonna fucking kill him for not shooting down the Chinese balloon." A rational jury could conclude that this statement constituted a direct threat to the Speaker because of his performance of official duties, particularly when it was corroborated by a threat form that was contemporaneously filled out by the aide who took the call.

For Counts 2 and 3, the Government adduced sufficient evidence (including the sheer volume of calls and the abusive and inflammatory language used) for a rational jury to reasonably conclude that the calls made to the Speaker's office and to the NTOC line were done solely with the intent to harass. The jury was not required to credit Rogers's testimony that he made the calls with the intent to air his grievances and engage in civil disobedience. *Cf. Long v. Johnson*, 736 F.3d 891, 896 (9th Cir. 2013) ("[W]e must respect the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." (cleaned up)).

4.    The district court did not abuse its discretion as to its formulation of the jury instructions. The instructions for Counts 2 and 3 tracked the elements of the statute and did not eliminate or alter the burden the Government was required to prove. Rather, the instructions were tailored "to fit the specific facts of this case and the allegations." Doing so was not an abuse of discretion, particularly given the

"substantial latitude" district courts have in fashioning instructions. *United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir. 1991) (citation omitted). Moreover, refusing Rogers's Proposed Supplemental Instructions 1–3 did not prevent Rogers from putting on his defense theory of the case where a First Amendment defense was adequately covered by other instructions and the proposed instructions would have been confusing to the jury. Nor did the district court err in refusing Proposed Supplemental Instructions 4 and 8, the contents of which were addressed in other instructions. *See United States v. Singh*, 979 F.3d 697, 714 (9th Cir. 2020).

**AFFIRMED.**