UNITED STATES of America,
Appellee,

v.

Bobby Ray PATTERSON, Appellant.

No. 13738.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 5, 1970.

Decided March 6, 1970.

Jerry K. Emrich, Arlington, Va., (court-appointed counsel) for appellant.

C. P. Montgomery, Jr., Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before BRYAN, WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Bobby Ray Patterson was convicted of violating 26 U.S.C. § 4704(a) which declares it unlawful to purchase, sell, dispense, or distribute narcotic drugs, except in or from the original stamped package, and which makes the absence of the appropriate stamps prima facie evidence of a violation of this statute by the person possessing the narcotics.

Patterson complains, among other things, that the judgment order recites he was found guilty of "possession of narcotics." This recital, of course, is erroneous for mere possession of unstamped narcotics is not punishable by the statute. Possession coupled with the absence of tax stamps may give rise to a presumption that the possessor has violated the statute. But the presumption is rebuttable, and, to convict, the court must be satisfied from all the evidence that the accused committed, in the district where venue is laid, one of the acts condemned by the statute.

After Patterson's appeal was argued, the Supreme Court decided Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970), which held the presumption found in 26 U.S.C. § 4704 (a) permissible when applied to the possessor of heroin, but invalid when used against one who possesses cocaine. In doing so, the Court limited Casey v. United States, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632 (1928), the precedent on which the government principally relied in prosecuting Patterson.

The indictment charged that Patterson illegally purchased, sold, dispensed, and distributed methadon hydrochloride. The proof, however, does not contain sufficient facts to determine whether the presumption can be constitutionally applied to this drug.

Patterson's conviction is reversed, and he is granted a new trial. On remand the presumption upon which the government relies must be considered in the light of *Turner*.

Reversed and remanded.