UNITED STATES of America, Appellee,

v.

Ezekial CROSS, Jr., Appellant.

UNITED STATES of America, Appellee,

v.

Samuel B. MOORE, Appellant.

UNITED STATES of America, Appellee,

v.

Jerry BROWN, Appellant.

UNITED STATES of America, Appellee,

v.

Leonard L. SPEARS, Appellant.

Nos. 14301–14304.

United States Court of Appeals, Fourth Circuit.

Argued Sept. 15, 1970.

Decided Oct. 13, 1970.

Jack B. Stevens, Alexandria, Va., for Ezekial Cross, Jr.

Charles R. Langen, Arlington, Va. (Herrell, Campbell & Lawson, Arlington, Va., on brief) for Samuel B. Moore.

James H. Mowery, Jr., Arlington, Va., for Jerry Brown.

H. Bradley Evans, Jr., Alexandria, Va. (Evans & Economou, Alexandria, Va., on brief) for Leonard L. Spears.

Justin W. Williams, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief) for appellee.

Before BOREMAN, BRYAN and CRAVEN, Circuit Judges.

PER CURIAM:

Jointly indicted in each of two counts, the first for entering and rummaging through rental cars parked at Washington National Airport with intent to commit larceny, and the second, for illicitly dispensing and distributing narcotics—cocaine—Ezekial Cross, Jr., Samuel B. Moore, Jerry Brown and Leonard L. Spears were convicted in the United States District Court for the Eastern District of Virginia on both charges.[1] On their appeal, we affirm on the first count and reverse on the second.

■ The stated offenses occurred about one o'clock the morning of July 18, 1969. Unquestionably the defendants were acting in concert, each an aider and abettor of the others.[2] Guilt was clearly established, and no substance is seen in the appeal, on the first count.

■ The conviction on the second count, however, cannot stand. True, cocaine in condemnable packages was secreted about the defendant's car. Likewise, indisputably cocaine in this form is contraband within the statute. Nor was there any illegality in the search of the car. Nevertheless, a fatal infirmity is apparent in the Court's submission of the case to the jury. The point is that it included a presumption embodied in the statute but later invalidated by the Supreme Court. The statute provides:

"(a) General Requirement.—It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and *the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found.*"[3] (Emphasis added).

The trial judge charged:

"Now, you may stop to pause, well, is there any evidence here of dispensing or distributing, that is passing it among others or dispensing, such as selling it, which the statute mentions? *There is not any such evidence,* and the court will tell you that the government does not have to produce any such evidence because the statute expressly says that if one is found to be in possession of the cocaine herein

---

1. Since the airport is situated in Virginia, the first accusation was laid under 18 U.S.C. § 13 as embodying Virginia Code Annotated, 18.1–167. The other rested on 26 U.S.C. 4704(a).

2. 18 U.S.C. § 2.

3. 26 U.S.C. 4704(a).

mentioned that shall be prima facie evidence that it is a violation of this section, that they had it in their possession for that purpose, in other words." (Accent added.)

Since the present case was concluded on December 23, 1969, the trial court did not have the advantage of Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (Jan. 20, 1970). There the statutory presumption[4] of guilt from possession of cocaine in an unstamped package was denounced as invalid—"* * * bare possession of cocaine is an insufficient predicate for concluding that Turner was dispensing or distributing", Id. at 423, 90 S.Ct. at 656.

■ *Turner* has been read by this court as retroactive, United States v. Patterson, 422 F.2d 1204 (4 Cir. Mar. 6, 1970), and thus the verdict here was premised on a mistake of law. See also United States v. Vallejo, 312 F.Supp. 244 (S.D.N.Y. Apr. 28, 1970).

Hence a new trial is granted on the second count, to be conducted without advertence to the invalid portion of the statute. The conviction on the first charge is affirmed.

Affirmed in part and reversed in part.