PREGERSON, Circuit Judge:
 

 Darryl Ray Evans appeals his conviction and sentence for possession of an unregistered machine gun in violation of 26 U.S.C. § 5861(d). We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 

 BACKGROUND
 

 Evans was charged in a superseding five count indictment with violations of the National Firearms Act (“NFA”). The jury acquitted Evans on four of the five counts but convicted him on the fifth. Count five charged Evans with violating 26 U.S.C. § 5861(d), possession of an unregistered machine gun.
 
 [1]
 
 Evans raises several challenges to his conviction and sentence. We discuss each in turn.
 

 ANALYSIS
 

 I. Jury Instructions
 

 A.
 
 Definition of Trigger
 

 Evans contends the district court erred when it defined trigger as “anything that releases the bolt to cause ... [the weapon] to fire.” During jury deliberations, the jury foreman had asked the court to define the term trigger for purposes of 26 U.S.C. § 5845(b).
 

 Evans objected to the district court’s definition and renews his objection on appeal. We find no error in the district court’s instruction on this issue.
 

 Whether a jury instruction misstates the elements of an offense is a question of law that we review de novo.
 
 United States v. Armstrong,
 
 909 F.2d 1238, 1243 (9th Cir.),
 
 cert. denied,
 
 — U.S. —, 111 S.Ct. 191, 112 L.Ed.2d 153 (1990). We conclude that the district court’s definition of trigger was consistent with the language of the statute and with Congress’s intent.
 
 See Commissioner v. Engle,
 
 464 U.S. 206, 217,104 S.Ct. 597, 604, 78 L.Ed.2d 420 (1984) (discussing purposes of NFA).
 

 The district court’s definition comports with the structure and language of the NFA by focusing on the action that enables a firearm to shoot automatically without manual reloading. The legislative history of the NFA provides further support for the definition of trigger given by the district court.
 
 See United States v. Peterson,
 
 475 F.2d 806, 810-11 (9th Cir.),
 
 cert. denied,
 
 414 U.S. 846, 94 S.Ct. 111, 38 L.Ed.2d 93 (1973).
 
 [2]
 

 
 *1114
 
 B.
 
 Knowledge Requirement
 

 Evans argues that the district court erred by failing to instruct the jury that the government must prove that Evans
 
 knew
 
 the firearm he possessed was subject to a registration requirement. We disagree.
 

 Evans neither requested nor objected to the absence of a knowledge instruction at trial. Consequently, we review for plain error.
 
 See
 
 Fed.R.Crim.P. 30 and 52(b);
 
 see also United States v. Anguiano,
 
 873 F.2d 1314, 1319 (9th Cir.),
 
 cert. denied,
 
 493 U.S. 969, 110 S.Ct. 416, 107 L.Ed.2d 381 (1989). Plain error exists if the error was highly prejudicial and there is a high probability that the error affected substantial rights. Fed.R.Crim.P. 52(b);
 
 United States v. Bryan,
 
 868 F.2d 1032, 1038-39 (9th Cir.),
 
 cert. denied,
 
 493 U.S. 858, 110 S.Ct. 167, 107 L.Ed.2d 124 (1989).
 

 As a general rule, knowledge that a firearm is subject to a registration requirement is not an element of the offense of possessing that firearm.
 
 United States v. O’Mara,
 
 963 F.2d 1288, 1291 (9th Cir. 1992). The government need only show that (1) the defendant knew he possessed a firearm (in this case, a machine gun as defined in § 5845(a)(6)); and (2) the machine gun is unregistered. Lack of knowledge is not a defense to possession of an unregistered machine gun because “[u]nder the cases of this circuit, there is strict liability under the statute when the firearm in question, by its very nature or appearance, alerts its owner of the likelihood of regulation.”
 
 O’Mara,
 
 963 F.2d at 1291.
 

 We recognize two narrow exceptions to this general rule that knowledge is not an element of the offense of possessing an unregistered firearm. The first exception applies if there are
 
 no external indi-cia
 
 to indicate the likelihood of regulation.
 
 United States v. Herbert,
 
 698 F.2d 981, 987 (9th Cir.),
 
 cert. denied,
 
 464 U.S. 821, 104 S.Ct. 87, 78 L.Ed.2d 95 (1983) (an internally modified semi-automatic machine gun). The second exception arises where a firearm is inoperable and
 
 obviously not dangerous. United States v. Kindred,
 
 931 F.2d 609, 612 (9th Cir.1991) (an inoperable World War I vintage German machine gun). The touchstone of these exceptions is that the weapons involved did not alert their owners to the likelihood of regulation.
 

 These exceptions do not apply in Evans’ case because the M-ll pistol and bolt assembly had external indicia alerting Evans to the likelihood of regulation. Specifically, the bolt assembly had attached to it a label reading “M-ll SMG,” a common abbreviation for submachine gun. Furthermore, the M-ll pistol was fully operable and clearly dangerous even without the bolt assembly.
 

 Evans’ contention that he did not know he possessed an aggregate machine gun is irrelevant. Evans was alerted to the likelihood of regulation by the label and the obvious dangerous character of his machine gun. Knowledge was therefore not an element of Evans’ offense.
 

 II. Sufficiency of Evidence and Ineffective Assistance of Counsel
 

 Evans argues that the evidence was not sufficient to prove that he knew he possessed a firearm that was subject to regulation. The argument fails. Knowledge is not an element of 26 U.S.C. § 5861(b), and Evans does not fall within the narrow exceptions of
 
 Herbert
 
 and
 
 Kindred.
 

 Similarly, there can be no ineffective assistance of counsel based on defense counsel’s failure to move for judgment of ac
 
 *1115
 
 quittal at the close of the evidence. The evidence was sufficient to convict Evans. No prejudice resulted from defense counsel’s failure to move for judgment of acquittal.
 
 See Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
 

 III. Downward Departure from Guidelines Sentence
 

 Finally, Evans contends that the district court erroneously believed it lacked authority to depart downward from the federal sentencing guidelines based on either aberrant behavior or limited culpability. The argument is without merit.
 

 The record shows that the district court knew that it had discretion to depart downward on either of these grounds. The court concluded that departure was not warranted. We do not have jurisdiction to review a district court’s discretionary refusal to depart downward from the guidelines.
 
 United States v. Sanchez,
 
 914 F.2d 1355, 1363 (9th Cir.1990),
 
 cert. denied,
 
 — U.S. —, 111 S.Ct. 1626, 113 L.Ed.2d 723 (1991);
 
 United States v. Morales,
 
 898 F.2d 99, 103 (9th Cir.1990).
 

 CONCLUSION
 

 Evans’ conviction and sentence are AFFIRMED.
 

 [1]
 

 . Evans possessed an M-l l/9mm semi-automatic pistol ("M-ll pistol”) and a fixed-firing pin bolt assembly labeled “M-ll SMG.” The pistol and the bolt assembly constitute a machine gun within the meaning of 26 U.S.C. § 5845(a)(6). That section defines a machine gun as
 

 any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include ...
 
 any combination of parts from which a machine gun can be assembled
 
 if such parts are in the possession or under the control of a person.
 

 26 U.S.C. § 5845(b) (emphasis added).
 

 [2]
 

 . Evans argues on appeal that the plain meaning of trigger in 26 U.S.C. § 5845(b)(6) is a curved metal trigger. This argument is without merit because it defines trigger completely out of context. As used in § 5845(b), "by a single function of the trigger" describes the action that enables the weapon to "shoot ... automatically ... without manual reloading,” not the "trigger” mechanism. Further, Evans’ definition would lead to the absurd result of enabling persons to avoid the NFA simply by using weapons that
 
 *1114
 
 employ a button or switch mechanism for firing.
 

 In addition, Evans argues that the rule of lenity applies in his favor. We disagree. The touchstone of the rule of lenity is statutory ambiguity.
 
 Bifulco v. United States,
 
 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980). The term trigger is not ambiguous. Consequently, the rule of lenity does not apply.
 
 Moskal v. United States,
 
 498 U.S. 103, -, 111 S.Ct. 461, 465, 112 L.Ed.2d 449 (1990).