985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jody Bernard SHAFFER, Defendant-Appellant.
 No. 92-30016.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1992.
Decided Jan. 22, 1993.
 
 Appeal from the United States District Court for the Western District of Washington, No. CR91-157WD; William L. Dwyer, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before EUGENE A. WRIGHT, HUG and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Jody Bernard Shaffer appeals his conviction of a violation of 26 U.S.C. §§ 5861 and 5871, possession of an unregistered firearm, on grounds that there was insufficient evidence to support the jury's finding that Shaffer knew he possessed a dangerous device likely to be subject to regulation and the district court erred by admitting a certificate showing no firearms registered to Shaffer at the national registry. As knowledge is not an element of section 5861(d) under the circumstances of this case and the district court did not err by admitting the certificate into evidence, we affirm Shaffer's conviction.
 
 I. BACKGROUND
 
 3
 On October 17, 1990, police officers arrived at Shaffer's home in response to a telephone call reporting a domestic disturbance. Shaffer's girl friend answered the door and said that Shaffer had threatened to shoot her with his shotgun. When the officers asked where the weapon was located, Shaffer pointed out the gun underneath the mattress on which he was lying.
 
 
 4
 The firearm was a K Mart brand, Brazilian-made, sawed-off shotgun with an engraved serial number. The barrel of the shotgun measured 14 1/4 inches, for an overall length of 22 inches.
 
 
 5
 On June 20, 1991, Shaffer was charged by indictment with a violation 26 U.S.C. §§ 5861(d) and 5871, possession of an unregistered firearm. Shaffer was arraigned on the charges, pled not guilty, and a jury trial followed.
 
 
 6
 Both in his trial brief and at trial, Shaffer objected to the court's admission into evidence of the government's exhibit 1. This exhibit consisted of (1) a certificate of an Alcohol, Tobacco and Firearms Specialist, certifying that no registration existed for any firearm under Shaffer's name; and (2) a certificate of the Chief of the National Firearms Branch, Department of the Treasury, Bureau of Alcohol, Tobacco & Firearms, certifying the signature of the Specialist. The government offered the exhibit under the absence of record exception to the hearsay rule, Fed.R.Evid. 803(10), and under the self-authentication rule, Fed.R.Evid. 902. Shaffer argued that because the certificate was a preprinted form and the search was under his name only, there was not a sufficient showing of a diligent search. The court ruled that the exhibit complied with the Federal Rules of Evidence and admitted it over Shaffer's objections.
 
 
 7
 At the close of argument, the district court instructed the jury that to prove the defendant violated section 5861(d), the government was required to show beyond a reasonable doubt that the defendant knew he possessed a dangerous device likely to be subject to regulation. The jury proceeded to find Shaffer guilty, and the court sentenced him to three years probation on condition of five months in a community treatment center.
 
 
 8
 Shaffer filed a timely notice of appeal, and we have jurisdiction over the appeal under 28 U.S.C. § 1291.
 
 II. DISCUSSION
 
 9
 A. Sufficiency of the Evidence.
 
 
 10
 The standard of review for the sufficiency of the evidence is whether " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319, reh'g denied, 444 U.S. 890 (1979)).
 
 
 11
 Shaffer contends that the evidence the government presented was insufficient for a rational trier of fact to find that Shaffer knew he possessed a dangerous device of a type that would alert a person to the likelihood of regulation. The government argues that (1) under 26 U.S.C. § 5861(d), it did not have to prove that Shaffer knew he possessed a dangerous device, and (2) even if it did have to prove this element, a jury could have reasonably found that Shaffer knew he possessed such a device.
 
 
 12
 Section 5861 states: "It shall be unlawful for any person ... (d) to ... possess a firearm which is not registered to him in the National Firearm Registration and Transfer Record." Section 5845 defines firearm to include a shotgun with a barrel of less than 18 inches in length. As the barrel of Shaffer's shotgun measured 14 1/4 inches, it required registration under this statute.
 
 
 13
 Where the nature of the firearm is apparent, this court has held that the government does not have to prove that a defendant knew the firearm he possessed was a dangerous device likely to be subject to regulation. United States v. Evans, 978 F.2d 1112, 1114 (9th Cir.1992); United States v. O'Mara, 963 F.2d 1288, 1291 (9th Cir.1992). The government need only show that the defendant knew he possessed a firearm and the firearm was unregistered. Evans, 978 F.2d at 1114. When a weapon has "all the external indicia subjecting it to regulation, the defendant is not entitled to defend on the grounds that he lacked knowledge of the specific characteristics that triggered the registration requirement." O'Mara, 963 F.2d at 1291.
 
 
 14
 In this case, the external indicium subjecting the shotgun to regulation was readily apparent; the shotgun had a barrel that was only 14 1/4 inches in length. The government did not have to prove that Shaffer knew that he possessed a dangerous device which was likely to be subject to regulation, and Shaffer's argument that the government failed to present sufficient evidence to prove this element must fail. Moreover, had a knowledge element been required, we conclude that taking the evidence in the light most favorable to the government, a reasonable jury could have found Shaffer knew the sawed-off shotgun was a dangerous device, as he knew the shotgun was fully-operable, kept it hidden from view, and threatened his girl friend with it.
 
 
 15
 B. Admission of Evidence.
 
 
 16
 Questions of the admissibility of evidence which involve factual determinations, rather than questions of law, are reviewed for an abuse of discretion. United States v. Wood, 943 F.2d 1048, 1055 (9th Cir.1991). When a mixed question of law and fact is presented, the standard of review turns on whether factual matters or legal matters predominate. Whether the Specialist conducted a "diligent search" in compliance with Fed.R.Evid. 803(10) is an essentially factual inquiry subject to abuse of discretion review.
 
 
 17
 Shaffer asserts that the district court erred by admitting exhibit 1 under Fed.R.Evid. 803(10) and 902 because the government failed to show that a "diligent search" had been made of the specific firearm Shaffer failed to register with the national firearm registry. Shaffer argues that a search for any firearms under his name and the use of a pre-printed form describing the search as diligent was not sufficient.
 
 
 18
 Under Fed.R.Evid. 803(10), the following is not excluded by the hearsay rule:
 
 
 19
 Absence of public record of entry. To prove the absence of a record, report, statement, or data compilation, in any form, or the nonoccurrence or nonexistence of a matter of which a record, report, statement, or data compilation, in any form, was regularly made and preserved by a public office or agency, evidence in the form of a certification in accordance with rule 902, or testimony, that diligent search failed to disclose the record, report, statement, or data compilation, or entry.
 
 
 20
 Before a document can be admitted under this rule, a party
 
 
 21
 must show that a diligent search of the record has
 
 
 22
 been made.
 
 
 23
 The exact language of a certificate used to describe a search of the record makes no difference as long as the search itself was diligent. See United States v. Neff, 615 F.2d 1235, 1242 (9th Cir.) (failure to use the word "diligent" was insufficient to defeat the applicability of Fed.R.Evid. § 803(10)), cert. denied, 447 U.S. 925 (1980); United States v. Lee, 589 F.2d 980, 987 n. 7 (9th Cir.) (failure to use the word "diligent" was insufficient to justify exclusion of affidavits), cert. denied, 444 U.S. 969 (1979). Generally, a certificate stating a diligent search has taken place is sufficient proof of the diligent quality of the search. See e.g., United States v. Combs, 762 F.2d 1343, 1348 (9th Cir.1985) (certificate with cursory language that search was diligent admitted into evidence).
 
 
 24
 In this case, the certificate stated the search was diligently conducted and Shaffer presented no evidence to contradict that fact. Rather than focusing the search solely on the firearm at issue, the Specialist searched for all weapons under Shaffer's properly spelled name. Because the search was more diligent than if the Specialist had only searched for a particular firearm registered under Shaffer's name, we conclude that the trial court did not abuse its discretion by admitting the exhibit.
 
 
 25
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3