993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Zbigniew PIORECKI, Defendant-Appellant.
 No. 92-50323.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 13, 1993.
 
 Before: BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Zbigniew Piorecki appeals from his conviction, following a jury trial, for possession of an unregistered firearm and possession of a firearm not identified by a serial number in violation of 26 U.S.C. §§ 5861(d), (i). Piorecki contends that the district court plainly erred by (1) improperly instructing the jury on the elements of constructive and joint possession, and (2) failing to instruct the jury that the government must prove the defendant knew the item he possessed was a silencer. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Because Piorecki failed to object below to the jury instructions, we will reverse only if the district court committed plain error resulting in substantial prejudice. United States v. Boone, 951 F.2d 1526, 1541 (9th Cir.1991). We do not review challenged instructions in isolation, but in the context of the district court's instructions as a whole. United States v. Atkinson, 966 F.2d 1270, 1274 (9th Cir.1992), cert. denied, 113 S.Ct. 1644 (1993); United States v. Joetzki, 952 F.2d 1090, 1095 (9th Cir.1991) ("Our inquiry is whether the jury instructions as a whole are misleading or inadequate to guide the jury's deliberations.").
 
 
 4
 Here, the following evidence was adduced at trial. Henry Novak, Piorecki's long-standing acquaintance and former housemate, accompanied Piorecki on a drive in the Dominguez Hills area of Los Angeles County. Novak testified that Piorecki drove onto the California State University (CSU) campus, stopped the car in a dimly-lit area, and pulled an Uzi assault rifle and ammunition clip from the back seat. Piorecki pointed the gun at Novak, accused him of stealing, and threatened to "empty the clip." The two men argued briefly, and Piorecki started the car's engine. Novak wrestled the Uzi away from Piorecki, opened the door, jumped out of the car and ran toward the campus police station, yelling for help and dropping the Uzi in a grassy area near the station.
 
 
 5
 CSU Police Sergeant Randy Banales testified that he saw Piorecki's car drive over a concrete divider and speed away. Banales pursued Piorecki and apprehended him near the freeway. CSU Officer Whitehouse testified that he also saw the car speed away. When he arrived at the scene of the arrest, Whitehouse searched the car and found an ammunition clip and a silencer lying in an open briefcase on the back seat. When Whitehouse announced that he had found a silencer, Piorecki responded, "It's not a silencer. It's a suppressor." Banales testified that when Piorecki was questioned at the police station, he admitted that the briefcase was his but denied ownership of the ammunition clip or the silencer, speculating that Novak had placed these items in his briefcase. Piorecki stated that his earlier reference to the silencer as a suppressor had been a guess. Treasury Agent James Ash testified that when he arrested Piorecki several months later, Piorecki told him that the Uzi was Novak's and that he had once suggested to Novak that he might buy a gun from him. Piorecki speculated to Agent Ash that this might be why Novak had brought the gun with him on the evening of the assault.
 
 
 6
 Piorecki testified in his own defense. He contradicted Novak's story and testified that Novak had secreted the Uzi, ammunition clip and silencer on his person, and had pulled the gun on Piorecki after directing him to drive onto the CSU campus. Piorecki claimed that he had grabbed the gun, causing the ammunition clip to fall out, and then pushed Novak and the Uzi out of the car. While driving away, Piorecki noticed the silencer on the passenger seat and threw it into his briefcase on the back seat. On cross-examination, he acknowledged that he had told Agent Ash that he had expressed interest in buying the gun.
 
 
 7
 Piorecki was convicted of possession of the Uzi (Count I) and the silencer (Count II). He argues, first, that the district court committed plain error in the timing of its instruction on the theories of joint and constructive possession because no evidence supported the possibility of his joint or constructive possession of the Uzi described in Count I. Second, he argues that the district court plainly erred by not instructing the jury that in order to "knowingly" possess the silencer, he had to know it was a silencer.
 
 1. Joint and Constructive Possession
 
 8
 The district court instructed the jury on the theories of actual and constructive possession after first giving instructions on the elements of the crime described in Count I, followed by the elements of Count II. Piorecki acknowledges that the possession instruction was proper with respect to Count II, but argues the district court plainly erred by giving a single instruction on possession following the elements of both counts because the jury might have used the instruction to impermissibly broaden the grounds for conviction on Count I. We disagree.
 
 
 9
 As Piorecki himself points out, no evidence was introduced to suggest that he might have constructively possessed the Uzi. The jury could believe either that Novak actually possessed the Uzi, based on Piorecki's testimony, or that Piorecki actually possessed it, based on Novak's testimony.[1] Reading the jury instructions as a whole, we conclude that the jury must have convicted Piorecki after deciding that Novak was credible and Piorecki was not. The officers' testimony tended to show that Piorecki had offered conflicting accounts of his actions during the assault and had contradicted himself while testifying at trial. Given this evidence, the timing of the possession instruction could not have caused substantial prejudice. We find no plain error. See Boone, 951 F.2d at 1541.
 
 2. Knowing Possession
 
 10
 Piorecki also challenges the district court's statement of the elements of the crime charged in Count II: "First, the defendant knowingly possessed a silencer; and [s]econd, there was no serial number on the silencer." He contends that this definition of "knowledge" permitted the jury to convict him even if, as he claimed, he had not known that the device he described as a "suppressor" was actually a silencer as described in 26 U.S.C. § 5861(i). We disagree.
 
 
 11
 Knowledge that a firearm or firearm part is subject to regulation is not an element of the offense of possession of an unregistered firearm. United States v. Evans, 978 F.2d 1112, 1114 (9th Cir.1992); United States v. O'Mara, 963 F.2d 1228, 1291 (9th Cir.1992). Consequently, "the defendant is not entitled to defend on the grounds that he lacked knowledge of the specific characteristics that triggered the registration requirement" unless the nature of the item is not evident. O'Mara, 963 F.2d at 1291.
 
 
 12
 Here, the item under consideration was a silencer designed to fit the Uzi which was the subject of Count I. The evidence tended to establish that Piorecki identified and knew the purpose of the silencer, and the government was not required to prove that he knew exactly what it was.[2] In addition to the instruction quoted above, the district court separately instructed the jury that in order to convict on Count II, the government had to prove that Piorecki "knew he possessed a firearm of such a type as would alert a person to the likelihood of regulation." Taken as a whole, the district court's instructions correctly informed the jury of the government's obligation to prove that Piorecki knew he possessed an item subject to regulation that did not have the required serial number. See Evans, 978 F.2d at 1114. There was no plain error. See Atkinson, 966 F.2d at 1274; Joetzki, 952 F.2d at 1095-96.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Piorecki argues that the prosecutor "capitalized" on the jury instructions in his closing argument by suggesting to the jury that even if it disbelieved Novak's testimony, it could still find that Piorecki jointly or constructively possessed the gun based on Piorecki's own testimony that he had once expressed interest in buying a gun from Novak. Piorecki argues that the jury could have split the difference between his and Novak's conflicting accounts and found them both to be in joint possession of the weapon. Nevertheless, as he himself points out, the evidence was not confusing and does not support joint or constructive possession in Count I. The prosecutor's argument, even if inaccurate, was not sufficient to make an otherwise accurate jury instruction plainly erroneous. Cf. United States v. Jerome, 924 F.2d 170, 172-173 (9th Cir.1991) (failure to give clarifying jury instruction can be plain error where prosecutor's closing argument is both inaccurate and confusing enough to create the likelihood of mistake of law on the part of the jury)
 
 
 [2]
 Piorecki argues that because he used the term "suppressor" rather than "silencer" when discussing the item with the police, the evidence was insufficient to show that he knew what it was. Nonetheless, the prosecution introduced evidence to show that the terms are used interchangeably. See also generally United States v. Garza-Juarez, Nos. 92-10187, 92-10188, 92-10233, 92-10234, slip op. 4073 (9th Cir. Apr. 23, 1993) (using the terms interchangeably)