995 F.2d 1065
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
William Edward STARKES, Defendant-Appellant.
 No. 92-5190.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 26, 1993.
Decided: June 16, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. James H. Michael, Jr., District Judge. (CR-91-30)
 Bruce R. Williamson, Jr., Williamson & Toscano, Charlottesville, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 William Edward Starkes was convicted by a jury of possessing an unregistered firearm (a sawed-off shotgun) in violation of 26 U.S.C.A. § 5861(d) (West 1989) and 18 U.S.C.s 2 (1988). He appeals his conviction and sentence, contending that the government was required to prove Starkes knew the weapon he possessed was a sawed-off shotgun, that there was insufficient evidence that the weapon was operable, and that the district court considered unreliable evidence to enhance his sentence for possession of a stolen firearm. We affirm.
 
 
 2
 In the evening of August 17, 1991, police in Charlottesville, Virginia, located a stolen car with Maryland license plates. When the car was first seen by Officer Shaffer, two people were in it. They were later identified as William Starkes and his brother, James Starkes. The car was being driven by James Starkes and William Starkes was in the passenger seat. Shaffer chased the car, but was unable to catch up with it.
 
 
 3
 An hour or so later, Shaffer again saw the car and followed it into a driveway. Shaffer shined his spotlight on the car and got out with his gun drawn. Another police car pulled in and spotlighted the other side of the car. William Starkes was in the driver's seat and James Starkes was on the passenger side. James opened the passenger door, reached down to the floor and picked up a gym bag which he handed to William, the driver. William took the bag and got out of the car, then ran behind the house, leaving the bag on the ground beside the car. He was captured immediately afterward.
 
 
 4
 The gym bag contained a loaded sawed-off shotgun. The barrel was in the bag and the stock protruded from the bag. Both William and James Starkes were charged with possession of an unregistered firearm in violation of 26 U.S.C.A. § 5861(d). After his arrest, James told the officer who interviewed him that the other person in the car with him was his brother, William Starkes. James entered a guilty plea just before William's trial.
 
 
 5
 In response to defense counsel's inquiry on the morning of trial, the district court indicated that it would follow United States v. Shilling, 826 F.2d 1365 (4th Cir. 1987), cert. denied, 484 U.S. 1043 (1988), and would not instruct the jury that the government had to prove William Starkes knew the shotgun was illegally short. Both William and James then testified that William was never in the stolen car, and that James was alone in the car at the time of his arrest. William said he had come out of the house when James drove up, spoke to James, and then went behind the house to "take a leak," where he was arrested. Their testimony was contradicted by testimony from the arresting officers; James's testimony was also impeached with his prior statement. William was convicted.
 
 
 6
 On appeal, William argues that even if the verdict means that the jury believed he was in the car, the government should have been required to prove that he knew the object in the gym bag was a sawed-off shotgun. Because Starkes did not make this argument to the jury at trial or raise it in either of his two motions for acquittal, he has forfeited appellate review of the issue apart from review for plain error. United States v. Olano, 61 U.S.L.W. 4421 (U.S. 1993); United States v. Davis, 954 F.2d 182 (4th Cir. 1992).
 
 
 7
 Moreover, even if we were to consider the argument on its merits, Starkes would not prevail. He contends that Shilling should be overruled because other circuits have since held that actual knowledge of a weapon's properties is an element of the offense. See United States v. Harris, 959 F.2d 246, 259-61 (D.C. Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S. 1992); United States v. Anderson, 885 F.2d 1248, 1251 (5th Cir. 1989) (in banc); United States v. Williams, 872 F.2d 773, 777 (6th Cir. 1989). We note that in all three decisions the weapons were automatic guns, which are defined as "firearms" in § 5845, and are not always visibly distinguishable from semi-automatic guns, which are not required to be registered under the statute.
 
 
 8
 We note also that other circuits continue to follow the rule set out in Shilling. See United States v. Staples, 971 F.2d 608, 611-13 (10th Cir. 1992), petition for cert. filed, 61 U.S.L.W. 3635 (U.S. Mar. 4, 1993) (No. 92-1441); United States v. Ross, 917 F.2d 997, 999-1001 (7th Cir. 1990), cert. denied, 59 U.S.L.W. 3581 (U. S. 1991). In addition, the Ninth Circuit has clarified its holding in United States v. Herbert, 698 F.2d 981 (9th Cir.), cert. denied, 464 U.S. 821 (1983), on which Starkes relied, stating in United States v. Evans, 978 F.2d 1112 (9th Cir. 1992), the general rule that the government need not prove specific intent, but recognizing two narrow exceptions. One is for a weapon which is subject to registration because of invisible modifications, as in Herbert (semi-automatic modified to be fully automatic); the other is for a weapon which appears to be inoperable, as in United States v. Kindred, 931 F.2d 609 (9th Cir. 1991) (old weapon with missing parts).
 
 
 9
 The weapon possessed by Starkes does not fall within either of the exceptions to the general rule which are recognized by the Ninth Circuit. It had a visible and obvious modification, the noticeably shortened barrel; it is not similar in any manner to weapons which have been altered so as to make registration necessary, but without any outward sign. We find no error in the district court's decision to instruct the jury in accordance with Shilling.
 
 
 10
 After the jury began its deliberations, Starkes moved for acquittal on the ground that no evidence had been introduced during the trial to show that the shotgun was in working order. The district court ruled that the jury could decide the question for itself because the shotgun was in evidence. Starkes maintains that the jury was not competent to decide whether the weapon was operable, and suggests that the government failed to failed to prove that the gun was a firearm within the meaning of § 5861(d). Here Starkes again attempts to assert on appeal a defense he failed to present to the jury. Because appellate review has been forfeited, we employ only plain error review. Fed. R. Crim. P. 52(b).
 
 
 11
 A shotgun, as defined in 26 U.S.C.A. § 5845(d) (West 1989), includes a gun which is not currently operable but which "may be readily restored to fire a fixed shotgun shell." The record does not disclose that the shotgun was broken or had missing parts. See United States v. Wright, F.2d, No. 92-5335, slip op. at 8-9 (4th Cir. Apr. 19, 1993). Considered in the light most favorable to the government, United States v. Tresvant, 677 F.2d 1018 (4th Cir. 1982), a rational fact-finder could have concluded that the shotgun was operable or could readily be made so.
 
 
 12
 Although James Starkes testified at William's trial that the stolen car belonged to a friend named Alonzo who gave him a ride from Baltimore to Charlottesville, in his interview with the probation officer he admitted stealing the car, and said the shotgun was in the car when he stole it. In sentencing William, the district court increased the base offense level under guideline section 2K2.1(b)(4).* Starkes maintains that James's statement was unreliable evidence, given his inconsistent testimony at the trial, and should not have been considered.
 
 
 13
 As the district court found, however, James's statement was the only evidence relating to the ownership of the gun. James Starkes did not benefit himself by admitting that the gun was stolen because his own sentence was also subject to an increase as a result of it. The statement therefore had more than a minimal indicia of reliability. William Starkes had the burden of showing that the statement was unreliable, United States v. Terry, 916 F.2d 157 (4th Cir. 1990), and failed to do so. In his own testimony, he again denied being in the car. The district court did not clearly err in crediting James Starkes's earlier statement.
 
 
 14
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)