9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur Lee VEAL, Defendant-Appellant.
 No. 92-50710.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 26, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur Lee Veal appeals his conviction following a bench trial for possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). Veal contends that the district court erred by denying his motion for judgment of acquittal. Veal argues that (1) the evidence was not sufficient to prove he knew he possessed a firearm that was subject to regulation, and (2) even if he did know that the firearm was subject to regulation, he should have been afforded a reasonable opportunity to register the firearm. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 When reviewing a motion for judgment of acquittal challenging the sufficiency of the evidence, we review the evidence presented against the defendant in a light most favorable to the government to determine whether " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 4
 "As a general rule, knowledge that a firearm is subject to a registration requirement is not an element of the offense of possessing that firearm." United States v. Evans, 978 F.2d 1112, 1114 (9th Cir.1992), cert. denied, 61 U.S.L.W. 3836 (U.S. Oct. 4, 1993) (No. 92-1928); accord United States v. O'Mara, 963 F.2d 1288, 1291 (9th Cir.1992); see also United States v. Thompson/Center Arms Co., 112 S.Ct. 2102, 2104 (1992) (stating that criminal penalties may be imposed under the National Firearms Act without proof of willfulness or knowledge). The government need only show that (1) the defendant knew he possessed the firearm, and (2) the firearm was of a type requiring registration and that it was unregistered. Evans, 978 F.2d at 1114.
 
 
 5
 At the bench trial, Veal entered into a stipulation that established that Veal knowingly possessed a .22 caliber semi-automatic sawed-off rifle, and that it was not registered to Veal in the National Firearms Registration and Transfer Record. See id. Therefore, the government met its burden of showing that Veal violated 26 U.S.C. § 5861(d). See id.
 
 
 6
 Veal argues that his conduct falls within one of the narrow exceptions to the general rule that knowledge is not an element of the offense. Lack of knowledge may be a defense where there are no external indications that the firearm is subject to regulation, United States v. Herbert, 698 F.2d 981, 987 (9th Cir.), cert. denied, 464 U.S. 821 (1983), or where a firearm is inoperable and obviously not dangerous, United States v. Kindred, 931 F.2d 609, 612 (9th Cir.1991).
 
 
 7
 Veal's reliance on Kindred and Herbert is misplaced. The weapon in question was visibly altered into a sawed-off configuration and Veal does not argue that the weapon was inoperable. Accordingly, Veal is not entitled to defend on the grounds of lack of knowledge. See O'Mara, 963 F.2d at 1291.
 
 
 8
 Veal's argument that he should have been given a reasonable opportunity to register the firearm similarly fails. Veal argues that because he was not a manufacturer he did not have to register the weapon prior to shortening the barrel. This argument contradicts the plain language of the statute. Under the statute, Veal "made" the firearm at the moment he shortened the barrel. See 28 U.S.C. § 5845(i) (defining the term "make" as including any alteration of a firearm). Therefore, as a manufacturer, Veal was required to register the weapon prior to shortening the barrel. See 28 U.S.C. § 5841(c) (requiring registration prior to the manufacturing of a weapon).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3