**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William Edward STARKES,**
**Defendant–Appellant.**

**No. 92–5190.**

United States Court of Appeals,
Fourth Circuit.

Argued July 11, 1994.

Decided Aug. 10, 1994.

---

**ARGUED:** Bruce Robert Williamson, Jr., Williamson & Toscano, Charlottesville, VA, for appellant. Ray Burton Fitzgerald, Jr., Asst. U.S. Atty., Roanoke, VA, for appellee. **ON BRIEF:** E. Montgomery Tucker, U.S. Atty., Roanoke, VA, for appellee.

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

Remanded for a new trial by published per curiam opinion.

## OPINION

PER CURIAM:

Appellant William Edward Starkes was convicted under 26 U.S.C. § 5861(d) of one count of possession of an unregistered firearm, specifically, a sawed-off shotgun, in the United States District Court for the Western District of Virginia. The jury had been instructed under *Shilling,* infra, and his conviction was affirmed by this court on June 16, 1993. *United States v. Starkes,* No. 92–5190, 995 F.2d 1065, 1993 WL 212487 (4th Cir. June 16, 1993) (unpublished).

On May 23, 1994, the Supreme Court decided *Staples v. United States,* —— U.S. ——, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994), in which it held that a defendant's knowledge of the characteristics of a weapon that bring the weapon within the scope of Section 5861(d) must be proven. —— U.S. at ——, ——, 114 S.Ct. at 1804. *Staples* overruled, by necessary implication, our circuit precedent which held that proof of such knowledge is not required to convict under Section 5861(d). *United States v. Shilling,* 826 F.2d 1365 (4th Cir.1987), *cert. denied,* 484 U.S. 1043, 108 S.Ct. 777, 98 L.Ed.2d 863 (1988).

On May 31, 1994, the Supreme Court granted certiorari, vacated Starkes's conviction, and remanded the case to us for further consideration in light of *Staples. Starkes v. United States,* —— U.S. ——, 114 S.Ct. 2129, 128 L.Ed.2d 860 (1994). We conclude that we must remand the case to the district court for a new trial.

Starkes also raises a challenge to the sufficiency of the evidence adduced at trial that would support a finding of knowledge. Ordinarily, we decide such challenges because if the evidence is insufficient, the defendant is entitled to a judgment of acquittal rather than a new trial. See *Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1 (1978). However, given the change in the elements of the offense occasioned by the *Staples* decision, we should not decide Starkes's sufficiency challenge on a standard which will not apply upon a new trial. See *United States v. Patterson,* 422 F.2d 1204 (4th Cir.1970) (per curiam); see also *United States v. Rogers,* 18 F.3d 265, 268 (4th Cir.1994). Instead, there must be a new trial in which the government must put on evidence of knowledge by the defendant of the features of the weapon that brought it within the scope of the statute, and the defendant must have an opportunity to dispute that evidence.

The judgment of conviction having been vacated, the case is remanded for a new trial.

*REMANDED FOR A NEW TRIAL.*