70 F.3d 113
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benny BAKER, Defendant-Appellant.
 No. 94-5779.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 20, 1995.
Decided Nov. 14, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CR-94-79)
 Lawrence H. Woodward, Jr., SHUTTLEWORTH, RULOFF, GIORDANO & KAHLE, P.C., Virginia Beach, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Elizabeth A. Miller, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 VACATED AND REMANDED.
 Before NIEMEYER and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Vacated and remanded by unpublished per curiam opinion.
 OPINION
 PER CURIAM:
 
 
 1
 Benny Baker appeals from his convictions by a jury of possession of a shotgun having a barrel length of less than eighteen inches (26 U.S.C. Sec. 5861(c) (1988)) and failing to register the same firearm (26 U.S.C. Sec. 5861(d) (1988)). Baker was indicted in May 1994 after agents of the United States Customs Service found, during a search of his apartment, a shotgun with a 15 1/8" barrel. The shotgun was hanging in a soft-sided case on a hanger in Baker's bedroom closet.
 
 
 2
 Baker admitted ownership and possession of the weapon but requested a jury instruction that would have required the government to prove that he was aware that the shotgun he possessed was a firearm within the meaning of 26 U.S.C. Sec. 5845(a) (1988).* The district court rejected Baker's proposed instruction and he was convicted on both counts. Baker appeals.
 
 
 3
 At the time of Baker's trial in July 1994, this circuit did not require the government to prove that a defendant knew that the weapon he possessed was a firearm within the definition of Sec. 5845(a). See United States v. Shilling, 826 F.2d 1365 (4th Cir.1987), cert. denied, 484 U.S. 1043 (1988). After our decision in Shilling, the Supreme Court held that, in order to obtain a conviction under 26 U.S.C. Sec. 5861(d) (for possession of an unregistered "machinegun"), the government must prove that the defendant was aware of the features of his weapon that brought it within the definition of firearm under Sec. 5845(a). Staples v. United States, 62 U.S.L.W. 4379 (U.S.1994). We have recognized that Staples overrules "by necessary implication" our decision in Shilling. United States v. Starkes, 32 F.3d 100, 101 (4th Cir.1994) (on remand from the Supreme Court). Therefore, we find, and the government concedes, that Baker is entitled to a new trial "in which the government must put on evidence of knowledge by the defendant of the features of the weapon that brought it within the scope of the statute, and the defendant must have an opportunity to dispute that evidence." Id. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 VACATED AND REMANDED FOR A NEW TRIAL
 
 
 *
 Section 5845(a) includes within its definition of "firearm" a "shotgun having a barrel or barrels of less than eighteen inches in length."